CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 08, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL AARON BURRELL, Plaintiff, | ) | Civil Action No. 7:24-cv-00210 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DAVID ANDERSON, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Joel Aaron Burrell, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. Burrell alleges due process claims related to disciplinary convictions he received at River North Correctional Center. (Compl., Dkt. No. 1.) Defendants move to dismiss the complaint. (Dkt. No. 33.) Plaintiff responded to this motion. (Dkt. No. 42.) Plaintiff has also filed motions for an emergency transfer to a jurisdiction outside of Virginia (Dkt. No. 49) and to certify this case as a class action (Dkt. No. 43).[1] Defendants responded to the motion for transfer. (Dkt. No. 50.)

For the reasons stated below, defendants' motion to dismiss will be granted in part and denied in part. Plaintiff's motions will be denied.

I. BACKGROUND

The complaint in this case was signed and filed by Burrell, but the complaint listed three co-plaintiffs. (Compl.) Those plaintiffs have been dismissed from this action, leaving Burrell as the only plaintiff. (Dkt. Nos. 14, 15, 16.) The defendants are A. King, Hearings Officer at River North; J. West, Hearings Officer and Sergeant at River North; C. MacVean, River North Unit

[1] A motion for issuance of subpoenas is also currently pending on the docket. This document is restricted from viewing as it was filed in the incorrect case. (Dkt. No. 45.) The court will deny this motion without prejudice.

Manager; Gregory Holloway, Regional Operations Chief; and Thomas Meyer, Regional Administrator. Plaintiff was housed at River North Correctional Center at the time of the events alleged in the complaint.

Burrell alleges that an annual review was conducted by Counselor K. Sheets on January 29, 2024. (Compl. 2.) An evaluation sheet showed that Burrell's Class Level Scale rose (from 1 to 3), which changed his Earned Sentence Credits and affected his Good Time Release Date. (*Id.* at 5.) From Sheets, Burrell also received a Reclassification Security Level Scoresheet showing the accumulation of disciplinary offenses that increased his security level score to 38. Without the guilty dispositions, the score would have been lower at 23. (*Id.*) The court notes that Sheets is not a defendant in this action and has not been served with process.

Burrell alleges that King denied his request for video of general population on February 2, 2024, pertaining to RNCC-2024-0738 for a 229A offense. (*Id.* at 6.) The video surveillance would have shown that a microwave worker used the microwave instead of plaintiff, which is relevant to the offense code. Burrell alleges that King's denial of the evidence violates due process as defined in Operating Procedure 861.1. (*Id.*) King denied other types of evidence, including phone call audio. (*Id.* at 7.)

King also denied Burrell's request for documentary evidence in RNCC-2023-0837, which was for a 228/298B offense. (*Id.* at 8.) "The documentary evidence request could of [sic] revealed if there's an Operating Procedure or RNCC Internal Policy prohibiting inmates from mailing there Identification Cards out." (*Id.*) Warden David Anderson upheld the denial. Burrell claims that King "acceded that Operating Procedures 803.1 and 861.1 don't prohibit inmates from mailing out ID." (*Id.*)

On October 30, 2023, CJ MacVean found Burrell guilty of offense title 222A, Vulgar/Insolent Language/Gestures/Actions directed toward or in the presence of staff. (*Id.* at 9.) MacVean stated that Burrell was not denied documentary evidence or witnesses. This statement was false according to Burrell. (*Id.*) The evidence requested was relevant to determine of the word "beautiful" is "considered vulgar and disrespectful to the witnesses in the context that it was written." (*Id.* at 10.)

Officer J. West found Burrell guilty of offense title 122A, possession of unauthorized or unprescribed drugs. (*Id.*) West denied Burrell the opportunity to request documentary evidence, witnesses, video of the general population, and audio/body camera footage from Sgt. Harris on August 17, 2023, at 2:15 p.m. (*Id.* at 11.) This could have been done prior finding Burrell guilty. West also deemed Burrell's questions in the Reporting Officer Response Form to be not relevant. (*Id.* at 11–13.) Burrell notes that DL Harris recanted his statement that he retrieved a brown leafy substance from C-245 to now C-248, which is not the cell listed in the Disciplinary Offense Report. (*Id.* at 12.) During the hearing, plaintiff told West that he had placed evidence in the mailbox, which plaintiff assumed was discarded by hearing officers. West denied plaintiff's request to adjourn the haring but allowed Harris to recant his statement in the description of the offense, to what she alleged was a "typo" that Harris discovered the substance in C-245. (*Id.* at 13.) Plaintiff claims that video evidence would show that there was no brown leafy substance recovered from either cell. (*Id.* at 14.)

West found Burrell guilty of several offenses on September 11, 2023: code 121A, false statements or charges against an employee; 201A, disobeying an order; and 229, being in an unauthorized area. (*Id.* at 15–17.) In each instance, Burrell was denied the opportunity to present evidence to defend himself. (*See id.*)

According to Burrell, the "accumulation of dispositions of 200 series offenses deriving from denial of documentary evidence, witnesses, audio/body camera footage, and video surveillance is a due process violation . . . ." (*Id.* at 18.) Burrell requests $2,500,000 in compensatory damages and $350,000 in punitive damages. (*Id.* at 22.)

II. ANALYSIS

**A. Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. *See* 42 U.S.C. § 1983; *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 171 (2023). Furthermore, to establish liability under § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of his rights." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018).

**B. Procedural Due Process Claims**[2]

Constitutional due process protections extend to prison disciplinary hearings that could adversely impact an inmate's liberty interests. *Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974)). To establish a violation of procedural due process, a plaintiff must satisfy three elements: (1) a constitutionally cognizable life, liberty, or property interest; (2) a deprivation of that interest caused by some form of state action; and (3) that the procedures employed were constitutionally inadequate. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013).

For prisoners serving a custodial sentence, an interest can be "in the nature of a liberty interest" if its deprivation (1) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or (2) inevitably affects the duration of the inmate's sentence. *DeFour v. White*, Case No. 7:22cv00703, 2024 WL 1337203, at *14 (W.D. Va. Mar. 28, 2024) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

---

[2] Defendants argue that the court should dismiss the complaint in this case because it contains overlapping allegations with another case filed by Burrell in this district. *See* Case No. 7:23-cv-820. In the '820 case, Burrell filed an amended complaint after the defendants filed their motion to dismiss in this case. Accordingly, the court declines to dismiss this action based on defendants' argument that compares pleadings in the two cases because the operative pleading in the '820 case has now changed.

Burrell alleges that the accumulation of disciplinary convictions resulted in a recommendation that he be transferred to a maximum security level facility, and he has a cognizable due process interest in avoiding such a transfer. (Compl. at 18 (citing *Shaw v. Foreman*, 59 F.4th 121 (4th Cir. 2023).) In *Shaw*, the court found a cognizable liberty interest because the plaintiff was transferred to a higher security level facility after a disciplinary conviction. 59 F.4th at 127. Defendants argue that Burrell cannot state a plausible claim based only upon a recommendation of a transfer. However, after filing the complaint in this matter, Burrell submitted a change of address to the court stating that he was transferred to Keen Mountain Correctional Center (Dkt. No. 11), which is a higher security level classification than River North.[3] The court takes judicial notice of these facts and finds that plaintiff has stated a plausible due process claim. "[I]n analyzing a Rule 12(b)(6) motion, a court may consider 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Evans v. Napolitano*, No. 5:10-CV-36-D, 2011 WL 52438, at *1 (E.D.N.C. Jan. 6, 2011) (citing *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Any remaining due process claim alleged by Burrell will be dismissed. First, to the extent that Burrell alleges that he earned good time credits at a lower level due to his disciplinary convictions, an inmate has "no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level." *Mills v. Holmes*, 95 F. Supp. 3d 924, 935 (E.D. Va. 2015). Second, Burrell alleges the loss of good time as a penalty for certain convictions. These claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the

[3] The VDOC inmate locator shows that Burrell is currently at Wallens Ridge State Prison, which is also a higher security level than River North.

invalidity of the punishment imposed, is not cognizable under § 1983"). "Because Plaintiff is attempting to attack the disciplinary conviction for which his good-time credits were taken away, his requested relief is barred by *Heck*." *Brown v. Brown*, C/A No. 9:25-cv-02616-MGL-MHC, 2025 WL 4476127, at *2 (D.S.C. June 13, 2025) (citing *Edwards*).

Plaintiff's response to the motion to dismiss cites several exhibits. (Dkt. Nos. 42, 42-1 (105 pages of exhibits).) Burrell appears to be adding additional factual context and support for the claims in his complaint. Burrell also argues that he is requesting "prospective relief for only challenging disciplinary decision" and "just seeking fairer procedures in the future," (Dkt. No. 42 at 12), but he does not request such relief in his complaint. Burrell cannot amend his complaint through his brief in opposition to the motion to dismiss. *See Hunter v. Butler*, Civil Action No. GLR-25-1023, 2026 WL 2169711, at *3 n.5 (D. Md. July 27, 2026) (noting that a plaintiff is "bound by the allegations in his complaint and cannot, through the use of motion briefs, amend the complaint").

For these reasons, the court will dismiss all of plaintiff's claims except his due process claim for being transferred to a higher security level facility as a result of his disciplinary convictions.

**C. Official Capacity Claims**

Defendants argue that any claims against them for monetary damages in their official capacities are barred by the Eleventh Amendment. The court agrees and will dismiss Burrell's claims to the extent he seeks damages against defendants in their official capacities. *Smith v. Wethington-Godett*, Civil Action No. 3:25CV616, 2026 WL 1983708, at *3 (E.D. Va. July 9, 2026) (explaining that "state officers acting in their official capacity are . . . entitled to Eleventh Amendment protection, because a suit against a state official in his or her official capacity is not

a suit against the official but rather is a suit against the official's office") (citing *Will v. Mich. Dep't of Police*, 491 U.S. 58, 71 (1989)).

**D. Claims Against Anderson, Holloway, and Meyer**

Burrell's allegations against defendants Anderson, Holloway, and Meyer are that these defendants upheld his disciplinary convictions. (Compl. 1, 17.) It is "widely recognized that an inmate has no right to appeal a disciplinary board's decision." *Westbrook v. Koch*, No. 1:16-cv-480 (LMB/IDD), 2017 WL 2589963, at *6 (E.D. Va. June 13, 2017); *see also Chance v. Compton*, 873 F. Supp. 82, 86 (W.D. Tenn. 1994) (holding that "a right to appeal disciplinary convictions is not within the narrow set of due process rights enunciated by *Wolff*"). Accordingly, plaintiff has failed to state a due process claim against these defendants.

**E. *Monell* Claims**

Burrell's complaint states that he has "established a prima facie case against defendants for a Monell claim that River North Correctional Center has a policy for denying Due Process to inmates." (Compl. 21.) Plaintiff cannot state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), because the defendants are not municipal officials. As noted above, defendants are state officials immune from a suit for damages in their official capacities. Thus, the court will dismiss Burrell's attempt to bring claims under *Monell*. *See Krein v. W. Va. State Police*, Civil Action No. 2:11-cv-00962, 2012 WL 2470015, at *6 (S.D.W. Va. June 27, 2012) ("Inasmuch as the State police is neither a municipality nor a municipal agency, but a state agency falling under the rule of *Will*, plaintiff's *Monell* claim must be dismissed.").

**F. Motion for Transfer**

Burrell has filed a motion for an emergency transfer to a facility outside of Virginia "due to facing retaliation for these civil suits." (Dkt. No. 49.) Motions for a transfer by a prisoner are

considered motions for injunctive relief. *Fogel v. Hall*, Civil Action No. 7:24-cv-00355, 2025 WL 1316498, at *1 (W.D. Va. May 6, 2025). The allegations in this lawsuit relate to when Burrell was at River North, and he has since been transferred to a different facility. Thus, his request for a transfer due to retaliation at a different facility is not related to the allegations in this lawsuit. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The court will deny this motion.

**G. Motion to Certify as Class Action**

Burrell filed a motion to certify this case as a class action. (Dkt. No. 43.) To certify a suit as a class action, "the proponent of class certification has the burden of establishing that the conditions enumerated in Rule 23 of the Federal Rules of Civil Procedure have been met." *Tederick v. Loancare, LLC*, Civil Action No. 2:22-cv-394, 2026 WL 2187143, at *3 (E.D. Va. July 29, 2026) (citing *Windham v. Am. Brands, Inc.*, 565 F.3d 59, 64 n.6 (4th Cir. 1977)). Notably, a *pro se* plaintiff cannot represent a class or bring an action on behalf of others. Burrell's motion fails to establish that this case should be certified as a class action. The court will deny this motion.

III. CONCLUSION

The court will issue an appropriate order granting in part and denying in part defendants' motion to dismiss. Plaintiff's motions will be denied.

Entered: September 8, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge